**B1 (Official Form 1) (1/08)**

| United States Bankruptcy Court<br>District of Utah | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Shumway, Casey Earl** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Shumway, Kami Joy** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Casey E. Shumway** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Schedule Attached** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **9075** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **8342** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**201 Rosewood Circle**<br>**Logan, UT**               ZIPCODE **84321** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**201 Rosewood Circle**<br>**Logan, UT**              ZIPCODE **84321** |
| County of Residence or of the Principal Place of Business:<br>**Cache** | County of Residence or of the Principal Place of Business:<br>**Cache** |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**                                    THIS SPACE IS FOR COURT USE ONLY
- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Shumway, Casey Earl & Shumway, Kami Joy** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made a part of this petition. | X */s/ D. Rand Henderson*     **5/21/09** Signature of Attorney for Debtor(s)     Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
*(Check any applicable box.)*

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes.)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord or lessor that obtained judgment)

_____
(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Shumway, Casey Earl & Shumway, Kami Joy** |
|---|---|

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. X */s/ Casey Shumway*  **Casey Shumway** Signature of Debtor X */s/ Kami Shumway*  **Kami Shumway** Signature of Joint Debtor **(435) 753-5913** Telephone Number (If not represented by attorney) **May 21, 2009** Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only **one** box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. X _____ Signature of Foreign Representative _____ Printed Name of Foreign Representative _____ Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Petition Preparer** |
| X */s/ D. Rand Henderson* Signature of Attorney for Debtor(s) **D. Rand Henderson 5482** **Henderson Law Offices** **PO Box 594** **Logan, UT  84321** **(435) 713-0660  Fax: (435) 792-3836** **May 21, 2009** Date *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) _____ Address X _____ Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above. _____ Date Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Authorized Individual _____ Printed Name of Authorized Individual _____ Title of Authorized Individual _____ Date | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Shumway, Casey Earl & Shumway, Kami Joy _____    Case No. _____
Debtor(s)

**VOLUNTARY PETITION**
**Continuation Sheet - Page 1 of 1**

All Other Names used by the Joint Debtor in the last 8 years:
  **Kami Joy Hastings**
  **Kami Hastings**
  **Kami J. Hastings**
  **Kami H. Shumway**
  **Kami Hastings Shumway**
  **Kami J. Shumway**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B1D (Official Form 1, Exhibit D) (12/08)**

**United States Bankruptcy Court**
**District of Utah**

IN RE:                                                                                                    Case No. _____

**Shumway, Casey Earl** _____    Chapter **13** _____
Debtor(s)

**EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
WITH CREDIT COUNSELING REQUIREMENT**

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.


Signature of Debtor: **/s/ Casey Shumway** _____

Date: **May 21, 2009** _____

Certificate Number: 01356-UT-CC-007108883

# CERTIFICATE OF COUNSELING

I CERTIFY that on May 20, 2009, at 11:29 o'clock AM EDT,

Casey Shumway received from

Hummingbird Credit Counseling and Education, Inc.,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

District of Utah, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date: May 20, 2009    By    /s/Amy Sloan

Name    Amy Sloan

Title    Certified Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B1D (Official Form 1, Exhibit D) (12/08)

**United States Bankruptcy Court**
**District of Utah**

IN RE:                                                                                Case No. _____

**Shumway, Kami Joy**                                          Chapter **13**
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: **/s/ Kami Shumway**_____

Date: **May 21, 2009**_____

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 01356-UT-CC-007108927

# CERTIFICATE OF COUNSELING

I CERTIFY that on May 20, 2009, at 11:35 o'clock AM EDT,

Kami Shumway received from

Hummingbird Credit Counseling and Education, Inc.,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

District of Utah, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date: May 20, 2009         By     /s/Amy Sloan

                           Name   Amy Sloan

                           Title  Certified Counselor

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201                                                                                                                Page 2

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of [Non-Attorney] Bankruptcy Petition Preparer**

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____        _____
Printed Name and title, if any, of Bankruptcy Petition Preparer         Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)
Address:                                                                                    (Required by 11 U.S.C. § 110.)
_____
_____

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | |
|---|---|
| **Shumway, Casey Earl & Shumway, Kami Joy** | **X** */s/ Casey Shumway*                    **5/21/2009** |
| Printed Name(s) of Debtor(s) | Signature of Debtor                                Date |
| | |
| Case No. (if known) _____ | **X** */s/ Kami Shumway*                    **5/21/2009** |
| | Signature of Joint Debtor (if any)             Date |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## PURPOSES, BENEFITS AND COSTS OF BANKRUPTCY
### Code § 527(a)(1) & § 342(b)(1)

The United States Constitution provides a method whereby individuals, burdened by excessive debt, can obtain a fresh financial start and pursue newly productive lives unimpaired by past financial problems. It is an important alternative for persons mired deep in financial difficulty.

The federal bankruptcy laws were enacted to provide debtors with a fresh start and to establish a ranking and equity among all the creditors who are clamoring for the debtor's limited resources. Bankruptcy helps people avoid the kind of permanent discouragement that can prevent them from ever reestablishing themselves as hard-working members of society. Also, creditors are ranked so that the debtor's nonexempt property can be fairly distributed according to established rules guaranteeing identical treatment to all creditors of the same rank.

This discussion is intended only as a brief overview of the types of bankruptcy filings and of what a bankruptcy filing can and cannot do. Anyone considering this course of action is encouraged to seek the advice and assistance of an attorney specializing in bankruptcy law.

**Types of Bankruptcy**

The Bankruptcy Code is divided into chapters. The chapters which usually apply to consumer debtors are chapter 7, known as a Liquidation, and chapter 13, known as an Adjustment of the Debts of an Individual with Regular Income.

An important feature applicable to all types of bankruptcy filings is the automatic stay. The automatic stay means that the mere request for bankruptcy protection automatically "stays" or forces an abrupt halt to repossessions, foreclosures, evictions, garnishments, attachments, utility shut-offs, and debt collection harassment. It offers debtors a breathing spell by giving the debtor and the trustee assigned to the case time to review the situation and develop an appropriate plan. Creditors cannot take any further action against the debtor or the property without permission from the bankruptcy court.

**Chapter 7**

In a chapter 7, or liquidation case, the bankruptcy court appoints a trustee to examine the debtor's assets and divide them into exempt and nonexempt property. Exempt property is limited to a certain amount of equity in the debtor's residence, motor vehicle, household goods, life insurance, health aids, specified future earnings such as social security benefits and alimony, and certain other personal property. The trustee may then sell the nonexempt property and distribute the proceeds among the unsecured creditors. Although a liquidation case can rarely help with secured debt (the secured creditor still has the right to repossess the collateral), the debtor will be discharged from the legal obligation to pay unsecured debts such as credit card debts, medical bills and utility arrears. However, certain types of unsecured debt are allowed special treatment and cannot be discharged. These include some student loans, alimony, child support, criminal fines, and some taxes.

**Chapter 13**

In a chapter 13 case, the debtor puts forward a plan, following the rules set forth in the bankruptcy laws, to repay all creditors over a period of time, usually from future income. A chapter 13 case may be advantageous in that the debtor is allowed to get caught up on mortgages or car loans without the threat of foreclosure or repossession and is allowed to keep both exempt and nonexempt property. The debtor's plan is a simple



Henderson
LAW OFFICES

PO Box 594
Logan, UT 84323-0594

(435) 713-0660 phone
(435) 792-3836 fax
loganoffice@hendersonlaw.biz

document outlining to the bankruptcy court how the debtor proposes to pay current expenses while paying off all the old debt balances. The debtor's property is protected from seizure from creditors, including mortgage and other lien holders, as long as the proposed payments are made. The plan generally requires monthly payments to the bankruptcy trustee over a period of three to five years. Arrangements can be made to have these payments made automatically through payroll deductions.

**Chapter 11**

(Taken from the official Public Information Series Bankruptcy Judges Division brochure on "Bankruptcy Basics" prepared by the Administrative Office of the United States Courts, June 2000)

A case filed under chapter 11 of the United States Bankruptcy Code is frequently referred to as a "reorganization" bankruptcy.

Upon the filing of a voluntary petition for relief under chapter 11 the debtor automatically assumes an additional identity as the "debtor in possession."

The term refers to a debtor that keeps possession and control of its assets while undergoing a reorganization under chapter 11, without the appointment of a case trustee. A debtor will remain a debtor in possession until the debtor's plan of reorganization is confirmed, the debtor's case is dismissed or converted to chapter 7, or a chapter 11 trustee is appointed. The appointment or election of a trustee occurs only in a small number of cases. Generally, the debtor, as "debtor in possession," operates the business and performs many of the functions that a trustee performs in cases under other chapters. 11 U.S.C. § 1107(a). A written disclosure statement and a plan of reorganization must be filed with the court. 11 U.S.C. § 1121.

The disclosure statement is a document that must contain information concerning the assets, liabilities, and business affairs of the debtor sufficient to enable a creditor to make an informed judgment about the debtor's plan of reorganization. 11 U.S.C. § 1125. The information required is governed by judicial discretion and the circumstances of the case. The contents of the plan must include a classification of claims and must specify how each class of claims will be treated under the plan. 11 U.S.C. § 1123. Creditors whose claims are "impaired," i.e., those whose contractual rights are to be modified or who will be paid less than the full value of their claims under the plan vote on the plan by ballot. 11 U.S.C. § 1126. After the disclosure statement is approved and the ballots are collected and tallied, the bankruptcy court will conduct a confirmation hearing to determine whether to confirm the plan. 11 U.S.C. § 1128.

**THE CHAPTER 11 DEBTOR –IN-POSSESSION**

While individuals are not precluded from using chapter 11, it is more typically used to reorganize a business, which may be a corporation, sole proprietorship, or partnership. A corporation exists separate and apart from its owners, the stockholders. The chapter 11 bankruptcy case of a corporation (corporation as debtor) does not put the personal assets of the stockholders at risk other than the value of their investment in the company's stock.

A sole proprietorship (owner as debtor), on the other hand, does not have an identity separate and distinct from its owner(s); accordingly, a bankruptcy case involving a sole proprietorship includes both the business and personal assets of the owners-debtors. Like a corporation, a partnership exists separate and apart from its partners. In a partnership bankruptcy case (partnership as debtor), however, the partners' personal assets may, in some cases, be used to pay creditors in the bankruptcy case or the partners may, themselves, be forced to file for bankruptcy protection. Section 1107 of the Code places the debtor in possession in the position of a fiduciary, with the rights and powers of a chapter 11 trustee, and requires the performance of all but the investigative functions and duties of a trustee. These duties are set forth in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. 11 U.S.C. §§ 1106, 1107; Fed. R. Bankr. P. 2015(a). Such powers



Henderson
LAW OFFICES

PO Box 594
Logan, UT 84323-0594

(435) 713-0660 phone
(435) 792-3836 fax
loganoffice@hendersonlaw.biz

and duties include accounting for property, examining and objecting to claims, and filing informational reports as required by the court and the United States trustee, such as monthly operating reports. The debtor in possession also has many of the other powers and duties of a trustee including the right, with the court's approval, to employ attorneys, accountants, appraisers, auctioneers, or other professional persons to assist the debtor during its bankruptcy case.

Other responsibilities include filing tax returns and filing such reports as are necessary or as the court orders after confirmation, such as a final accounting. The United States trustee is responsible for monitoring the compliance of the debtor in possession with the reporting requirements in a small business case. 11 U.S.C. § 1102(a)(3). A small business case proceeds faster than a regular chapter 11 case because the court may conditionally approve a disclosure statement, subject to final approval after notice and a hearing and solicitation of votes for acceptance or rejection of the plan. Thereafter, the disclosure statement hearing may be combined with the confirmation hearing. 11 U.S.C. § 1125(f). In addition, the debtor has a shortened period of time (100 days from the date of the order for relief) within which only the debtor may file a plan.

**Chapter 12**

(Taken from the official Public Information Series Bankruptcy Judges Division brochure on "Bankruptcy Basics" prepared by the Administrative Office of the United States Courts, June 2000)

Chapter 12 of the Bankruptcy Code was enacted by Congress in 1986, specifically to meet the needs of financially distressed family farmers. The primary purpose of this legislation was to give family farmers facing bankruptcy a chance to reorganize their debts and keep their farms.

**Background**

In tailoring chapter 12 to meet the economic realities of family farming, this law has eliminated many of the barriers that family farmers had faced when seeking to reorganize successfully under either chapter 11 or 13 of the Bankruptcy Code. For example, chapter 12 is more streamlined, less complicated, and less expensive than chapter 11, which is better suited to the large corporate reorganization. In addition, few family farmers find chapter 13 to be advantageous, because it was designed for wage earners who have smaller debts than those facing family farmers. In chapter 12, Congress sought to combine the features of the Bankruptcy Code which can provide a framework for successful family farm reorganizations. At the time of the enactment of chapter 12, Congress could not be sure whether chapter 12 relief for the family farmer would be required indefinitely. Accordingly, the law (which first provided that no chapter 12 cases could be filed after September 30, 1993) currently provides that no cases may be filed under chapter 12 after July 1, 2000. As of June 30, 2000, legislation is pending in Congress to extend that deadline.

The Bankruptcy Code provides that only a family farmer with "regular annual income" may file a petition for relief under chapter 12. 11 U.S.C. §§ 101(18), 109(f). The purpose of this requirement is to ensure that the debtor's annual income is sufficiently stable and regular to permit the debtor to make payments under a chapter 12 plan. Allowance is made under chapter 12, however, for situations in which family farmers may have income that is seasonal in nature. Relief under this chapter is voluntary; thus, only the debtor may file a petition under chapter 12.

Under the Bankruptcy Code, those eligible to file as "family farmers" fall into two categories: (1) an individual or individual and spouse and (2) a corporation or partnership. Those falling into the first category must meet each of the following four criteria as of the date the petition is filed in order to qualify for relief under chapter 12.

1. More than one-half of the outstanding stock or equity in the corporation or partnership must be owned by one family or by one family and its relatives.



PO Box 594
Logan, UT 84323-0594

(435) 713-0660 phone
(435) 792-3836 fax
loganoffice@hendersonlaw.biz

2. The family or the family and its relatives must conduct the farming operation.

3. More than 80% of the value of the corporate or partnership assets must be related to the farming operation.

4. The total indebtedness of the corporation or partnership must not exceed $1.5 million.

5. Not less than 80% of the corporation's or partnership's total debts which are fixed in amount must come from the farming operation owned or operated by

6. If the corporation has issued stock, the stock cannot be publicly traded.

### What Bankruptcy Can and Cannot Do

Bankruptcy may make it possible for financially distressed individuals to:

1. Discharge liability for most or all of their debts and get a fresh start. When the debt is discharged, the debtor has no further legal obligation to pay the debt.

2. Stop foreclosure actions on their home and allow them an opportunity to catch up on missed payments.

3. Prevent repossession of a car or other property, or force the creditor to return property even after it has been repossessed.

4. Stop wage garnishment and other debt collection harassment, and give the individual some breathing room.

5. Restore or prevent termination of utility service.

6. Lower the monthly payments on debts, including secured debts such as car loans.

7. Allow debtors an opportunity to challenge the claims of certain creditors who have committed fraud or who are otherwise seeking to collect more than they are legally entitled to.

Bankruptcy, however, cannot cure every financial problem. It is usually not possible to:

1. Eliminate certain rights of secured creditors. Although a debtor can force secured creditors to take payments over time in the bankruptcy process, a debtor generally cannot keep the collateral unless the debtor continues to pay the debt.

2. Discharge types of debts singled out by the federal bankruptcy statutes for special treatment, such as child support, alimony, some student loans, certain court ordered payments, criminal fines, and some taxes.

3. Protect all cosigners on their debts. If relative a or friend co-signed a loan which the debtor discharged in bankruptcy, the cosigner may still be obligated to repay the loan.

4. Discharge debts that are incurred after bankruptcy has been filed.

### Bankruptcy's Effect on Your Credit

By federal law, a bankruptcy can remain part of a debtor's credit history for 10 years. Whether or not the debtor will be granted credit in the future is unpredictable. In some cases it may actually be easier to obtain future credit, because new creditors may feel that since the old obligations have been discharged, they will



Henderson
LAW OFFICES

PO Box 594
Logan, UT 84323-0594

(435) 713-0660 phone
(435) 792-3836 fax
loganoffice@hendersonlaw.biz

be first in line. The also recognize that the debtor cannot again file bankruptcy for at least the next six years. Debtors have the option after bankruptcy of voluntarily paying some creditors, such as a doctor or hospital, with whom they wish to maintain credit. The payments are voluntary and do not reaffirm the past obligation.

**About credit counseling agencies 11 U.S.C. § 342(b)(1)(B)**

The following information is taken verbatim from the web site of the Federal Trade Commission. www.ftc.gov

**Credit Counseling**

If you're not disciplined enough to create a workable budget and stick to it, can't work out a repayment plan with your creditors, or can't keep track of mounting bills, consider contacting a credit counseling organization. Many credit counseling organizations are nonprofit and work with you to solve your financial problems. But be aware that, just because an organization says it's "nonprofit," there's no guarantee that its services are free, affordable, or even legitimate. In fact, some credit counseling organizations charge high fees, which may be hidden, or urge consumers to make "voluntary" contributions that can cause more debt.

Most credit counselors offer services through local offices, the Internet, or on the telephone. If possible, find an organization that offers in-person counseling. Many universities, military bases, credit unions, housing authorities, and branches of the U.S. Cooperative Extension Service operate nonprofit credit counseling programs. Your financial institution, local consumer protection agency, and friends and family also may be good sources of information and referrals.

Reputable credit counseling organizations can advise you on managing your money and debts, help you develop a budget, and offer free educational materials and workshops. Their counselors are certified and trained in the areas of consumer credit, money and debt management, and budgeting. Counselors discuss your entire financial situation with you, and help you develop a personalized plan to solve your money problems. An initial counseling session typically lasts an hour, with an offer of follow-up sessions.

**Debt Management Plans**

If your financial problems stem from too much debt or your inability to repay your debts, a credit counseling agency may recommend that you enroll in a debt management plan (DMP). A DMP alone is not credit counseling, and DMPs are not for everyone. You should sign up for one of these plans only after a certified credit counselor has spent time thoroughly reviewing your financial situation, and has offered you customized advice on managing your money. Even if a DMP is appropriate for you, a reputable credit counseling organization still can help you create a budget and teach you money management skills.

In a DMP, you deposit money each month with the credit counseling organization, which uses your deposits to pay your unsecured debts, like your credit card bills, student loans, and medical bills, according to a payment schedule the counselor develops with you and your creditors. Your creditors may agree to lower your interest rates or waive certain fees, but check with all your creditors to be sure they offer the concessions that a credit counseling organization describes to you. A successful DMP requires you to make regular, timely payments, and could take 48 months or more to complete. Ask the credit counselor to estimate how long it will take for you to complete the plan. You may have to agree not to apply for — or use — any additional credit while you're participating in the plan.

## ACKNOWLEDGMENT OF RECEIPT

The undersigned acknowledges that Henderson Law Offices has given me a copy of this disclosure required by Bankruptcy Code § 527(a)(1) & § 342(b)(1).

Dated: 12-30-08    Signed: _____
Dated: 12/30/08    Signed: _____

**Henderson**
LAW OFFICES

PO Box 594
Logan, UT 84323-0594

(435) 713-0660 phone
(435) 792-3836 fax
loganoffice@hendersonlaw.biz

## FRAUD & CONCEALMENT PROHIBITED
## 11 U.S.C. § 342(b)(2)(A) and (B)

Debtor's Duties in Bankruptcy

If you decide to file bankruptcy, it is important that you understand the following:

1. Some or all of the information you provide in connection with your bankruptcy will be filed with the bankruptcy court on forms or documents that you will be required to sign and declare as true under penalty of perjury.

2. A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a bankruptcy case shall be subject to fine, imprisonment, or both.
11 U.S.C. § 342(b)(2)(A)

3. All information you provide in connection with your bankruptcy case is subject to examination by the Attorney General.
11 U.S.C. § 342(b)(2)(B)

## ACKNOWLEDGMENT OF RECEIPT

The undersigned acknowledges that Henderson Law Offices has given me a copy of this disclosure required by Bankruptcy Code § 342(b)(2)(A) and (B).

Dated: 12-30-08      Signed: _____

Dated: 12/30/08      Signed: _____

L:\Shared Forms\Bankruptcy\BAPCPA Intake Package\2007-02-22 Bankruptcy - ALL Disclosures.wpd

  Henderson
LAW OFFICES

PO Box 594
Logan, UT 84323-0594

(435) 713-0660 phone
(435) 792-3836 fax
loganoffice@hendersonlaw.biz